IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: EX PARTE APPLICATION | § | |
| OF XIAOMI INC., XIAOMI | § | |
| COMMUNICATIONS CO., LTD, | § | No. 3:25-mc-71-K-BN |
| XIAOMI TECHNOLOGY | § | |
| NETHERLANDS B.V. AND XIAOMI | § | |
| TECHNOLOGY GERMANY GMBH | § | |
| FOR AN ORDER PURSUANT TO 28 | § | |
| U.S.C. § 1782 TO OBTAIN | § | |
| DISCOVERY FOR USE IN FOREIGN | § | |
| PROCEEDINGS | § | |

**MEMORANDUM OPINION AND ORDER DENYING REQUEST FOR LEAVE
TO FILE APPLICATION EX PARTE, UNSEALING THIS MATTER, AND
<u>REQUIRING SERVICE AND BRIEFING</u>**

**Background**

United State District Judge Ed Kinkeade has referred this miscellaneous case

to the undersigned United States magistrate judge, including the September 10, 2025

ex parte application of Xiaomi Inc., Xiaomi Communications Co., Ltd., Xiaomi

Technology Germany GmbH, and Xiaomi Technology Netherlands B.V. (collectively,

"Xiaomi") for an order permitting discovery for use in foreign proceedings pursuant

to 28 U.S.C. § 1782 [Dkt. No. 1].

Xiaomi specifically seeks leave to issue a subpoena duces tecum to Advanced

Standard Communication LLC ("ASC") requiring ASC to produce a narrow set of

documents in its possession, custody, or control for use in a foreign patent

infringement case pending in the Unified Patent Court that ASC has brought against

Xiaomi. *See* Dkt. No. 1; Dkt. No. 1-1 at 6 of 21.

Xiaomi asks the Court to decide its application on an ex parte basis. *See* Dkt. No. 1-1 at 12-13 of 21.

And, because Xiaomi filed the application ex parte, the Clerk's Office docketed the application under seal (even though Xiaomi has not separately asked – apart from filing the application as ex parte – for filing under seal).

## Legal Standards

This Court has previously noted "that ex parte filing of an application for discovery under 28 U.S.C. § 1782 is permissible." *In re Application of Eurasian Bank Joint Stock Co. for Expedited Jud. Assistance Pursuant to 28 U.S.C. § 1782*, No. 3:15-mc-106-L-BN, 2015 WL 6438256, at *1 (N.D. Tex. Oct. 21, 2015).

But the cases supporting that observation explain that ex parte filing is permissible "where the application is for the issuance of subpoenas and the substantial rights of the subpoenaed person are not implicated by the application" and where, "once the subpoenas are served, [the respondent] will have the opportunity to move to quash or modify the subpoenas under Federal Rule of Civil Procedure 45," so that "[t]he respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Id.* (cleaned up).

The United States Court of Appeals for the Fifth Circuit more recently observed "that it is not unusual for § 1782(a) applications to be made initially on an ex parte basis to the district courts, though this does not seem to be routine practice,"

and that "[t]here is no reason to disapprove ex parte applications." *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 474 (5th Cir. 2022).

And, last year, the Fifth Circuit noted that "Section 1782 petitions are often initially considered ex parte" but that, "once the target of the requested discovery is served, that target may resist the discovery demands, often via a motion to quash." *Banco Mercantil de Norte, S.A. v. Paramo*, 114 F.4th 757, 758 (5th Cir. 2024).

But the Court of Appeals has also explained that "[t]he procedural device used should not … narrow a respondent's legal rights on receipt of a § 1782(a) subpoena." *Banca Pueyo*, 55 F.4th at 474. And, so, the Fifth Circuit held that a "district court's ex parte approval of [a] § 1782(a) application [is not] immune from adversarial testing" through "a respondent's challenge to the merits of the initial § 1782(a) application" as to whether the applicant "satisfied the statutory criteria and the [four discretionary factors set out in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004)] to obtain § 1782(a) discovery," including on "a respondent's request for reconsideration of the merits after an ex parte § 1782(a) discovery order." *Banca Pueyo*, 55 F.4th at 474-76.

The *Banca Pueyo* panel's discussion also reflects that the Court of Appeals does not expect or did not, in that decision, approve of ex parte applications becoming a default or "routine practice." *See id.* at 474-75 ("The district court's refusal to reconsider invites gamesmanship and even more ex parte applications for discovery."); *see generally id.* at 476 ("In the end, '[o]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an

opportunity to be heard has been granted both sides of a dispute.'" (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439)).

And the Fifth Circuit has more generally explained that "[e]x parte proceedings are an exception to the rule in our judicial system and contrary to its adversarial nature." *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 231 (5th Cir. 2008).

The *Banca Pueyo* decision also reflects a practical reason why the Court should not handle Section 1782 applications on an ex parte basis as a "routine practice": doing so only invites a possible motion to reconsider any ex parte order granting a Section 1782 application, as the Fifth Circuit has made clear that a respondent must be afforded an opportunity to challenge "the merits after an ex parte § 1782(a) discovery order." *Banca Pueyo*, 55 F.4th at 473-76; *accord In re Ord. Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proc.*, No. CV 4:23-MC-96, 2025 WL 714374, at *3 (E.D. Tex. Mar. 5, 2025) (noting that "a motion for reconsideration may seem like a strange motion at this juncture because this is Respondents' first pleading on this issue. However, because the Court issued its Order on an ex parte basis, a motion for reconsideration is the proper procedural mechanism at this stage. Indeed, [w]hen an applicant obtains an order allowing it to serve subpoenas under Section 1782 on an ex parte basis, the district court should vacate the order and quash discovery where, upon reconsideration, it determines the applicant failed to show that

a Section 1782 order was warranted in the first instance. Thus, this is Respondents'
first bite at the § 1782 apple. Accordingly, the Court will reconsider whether Xiaomi
met the § 1782 prerequisites and the *Intel* factors." (cleaned up)).

### The Application's Request for Ex Parte Treatment

In support of ex parte treatment of this Section 1782 application, Xiaomi states
that

- "[c]ourts in this District have routinely recognized that ex parte filing
  of an application for discovery under 28 U.S.C. § 1782 is permissible";
- the Fifth Circuit has noted that "[t]here is no reason to disapprove ex
  parte applications, as long as they do not narrow a respondent's legal
  rights on receipt of a § 1782(a) subpoena"; and
- "[i]t is neither uncommon nor improper for district courts to grant
  applications made pursuant to § 1782 ex parte, because the respondent
  can later challenge any discovery request by moving to quash pursuant
  to Federal Rule of Civil Procedure 45(c)(3)."

Dkt. No. 1-1 at 12 of 21 (cleaned up; citing and quoting *Banca Pueyo*, 55 F.4th at 474;
*In re Thales Dis Ais Deutschland GmbH*, No. 3:21-mc-303-S, 2021 WL 7707268, at *2
(N.D. Tex. Nov. 5, 2021); *Eurasian*, 2015 WL 6438256, at *1).

Beyond citing these general legal principles, Xiaomi asserts

- that its application "plainly satisfies the requirements under 28 U.S.C.
  § 1782," "leaving little room for the respondent to contest the
  application";
- that "the request in the subpoena is narrowly tailored for documents
  related to the Patent Purchase Agreement"; and
- that "ASC will still have an opportunity to object or respond to the
  subpoena, even after the ex parte application is granted."

Dkt. No. 1-1 at 13 of 21.

### The Court's Notice of Deficiency

The Court explained in its original order and notice of deficiency that all of

that suggests, in essence, that filing ex parte should be (contrary to the Fifth Circuit's stated understanding) a "routine practice" or the default manner of proceeding so long as the respondent's due process rights are not violated.

And, the Court observed, Xiaomi's confidence in the strength of its application does not – on its own or in combination with the general legal principle that a court can (when appropriate) decide a Section 1782 application on an ex parte basis – supply the Court with a persuasive, "specific reason why ex parte review is appropriate in this particular case." *In re Application of Masters for an Ord. Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272-73 (D.D.C. 2018) (cleaned up). Applicants and movants routinely assure the Court – and, presumably, often believe – that they plainly satisfy the applicable legal requirements for the relief that they seek. And, so, accepting this assurance as a basis for ex parte treatment would amount to approving ex parte applications as a default or "routine practice."

And a published decision of the United States Court of Appeals for the Second Circuit has noted that, where the proposed subpoena target in that matter was on notice of a Section 1782 applicant's "interest in discovery, there is no longer a reasonable basis for proceeding ex parte" and noted that the respondent's involvement in briefing on any new Section 1782 application in that case should put a district court "in a better position to assess both the statutory prerequisites to the district court's authority under § 1782 and the discretionary factors bearing on

whether, if those prerequisites are satisfied, the district court will order discovery to be provided." *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 125 (2d Cir. 2015).

And the Court observed in its original order and notice of deficiency that, here, ASC is no third-party stranger to the court action pending in the UPC Local Division in Munich, Germany – it is the party that initiated the action. *See* Dkt. No. 1-1 at 6-7 of 21.

And, so, the Court explained in its order and notice of deficiency that, in the absence of a persuasive justification or rationale for ex parte treatment, the Court is inclined to deny Xiaomi's request to have the Court decide its application ex parte and, rather, in inclined to order that Xiaomi's counsel serve the application on Respondent Advanced Standard Communication LLC and set a briefing schedule. *Cf. In re Xiaomi Inc.*, No. 25MC1158-MSB, 2025 WL 2231251, at *1 (S.D. Cal. Aug. 5, 2025).

And, the Court explained, denying leave for ex parte consideration would also lead the Court to order that the application and this order be unsealed.

But the Court afforded Xiaomi the opportunity to file a response to this order and to further explain the justification and rationale for its request for ex parte treatment of the application in this matter, in light of the discussion above.

### Xiaomi's Response

Xiaomi timely filed a response and explains that,

- if the Court grants ex parte treatment, "ASC retains the right to

challenge the subpoena or the Section 1782 order";

- "[t]his is consistent with the fact that district courts rarely treat the absence of a specific justification for ex parte treatment as a barrier to deciding § 1782 applications ex parte";

- "Xiaomi's application satisfies the legal prerequisites to granting an application," where (according to Xiaomi), "ASC is plainly found in this District, the discovery is for use in a foreign (i.e., German proceeding), and Xiaomi is a party to the German suit and is therefore an interested person"; and

- "if the Court allows Xiaomi's application to proceed ex parte, ASC will still have the opportunity to challenge the discovery request or the order under the Rules of Civil Procedure, Section 1782, and related case law."

Dkt. No. 14 at 2-3.

And Xiaomi also acknowledges that, while it "believes ex parte treatment is appropriate on this record, Xiaomi does not have an additional basis for considering its Section 1782 application ex parte beyond what was articulated in the application itself and this Response." Dkt. No. 14 at 3. "Thus, in the alternative, if the Court finds that Xiaomi's basis for ex parte treatment is not persuasive, Xiaomi is prepared to serve the application and exhibits, and any other documents that the Court finds appropriate, on ASC and propose a briefing schedule." *Id.*

And Xiaomi does not, in any event, ask to maintain any part of this matter under seal. *See* Dkt. Nos. 1 & 14.

## Ex Parte Treatment Is Not Appropriate Here

The Court finds that ex parte treatment is not warranted here.

Xiaomi has not persuasively supported its ex parte treatment request by relying only on its assertions that

- other courts have almost routinely addressed applications ex parte and

often require little or no specific justification;

- the Fifth Circuit has made clear that, if the Court grants ex parte treatment, ASC will retain the right to challenge the subpoena or the Section 1782 order; and

- Xiaomi is confident that its application satisfies the legal prerequisites (although, in this regard, its response addresses only the three Section 1782(a) statutory requirements).

As the Court has explained, the Fifth Circuit has observed that "[e]x parte proceedings are an exception to the rule in our judicial system and contrary to its adversarial nature." *High Sulfur*, 517 F.3d at 231; *see also Banca Pueyo*, 55 F.4th at 476 (explaining that "[o]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute" (cleaned up)).

Consistent with this observation, other courts have noted "the general unease with ex parte proceedings in the American justice system" and that "the default form of hearing in this country" is "one in which both parties are present." *United States v. Boender*, 719 F. Supp. 2d 951, 960 (N.D. Ill. 2010), *aff'd*, 649 F.3d 650 (7th Cir. 2011); *cf. Jones v. Windtree Homeowners Ass'n, Inc.*, No. 3:25-cv-1417-L-BN, 2025 WL 1642401, at *3 (N.D. Tex. June 10, 2025) ("Rule 65(b)(1) of the Federal Rules of Civil Procedure permits a court to issue an ex parte [temporary restraining order] without notice to the adverse party or its attorney only when both of the following requirements are met: '(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not

be required.' FED. R. CIV. P. 65(b)(1)(A)-(B).").

And, so, "[i]n our adversary system, ex parte motions are disfavored, but they have their place." *Ayestas v. Davis*, 584 U.S. 28, 40 (2018). The Fifth Circuit's Section 1782 caselaw suggests that, while ex parte consideration of a Section 1782 application can be appropriate in a particular case, the Court of Appeals does not expect or did not, in *Banca Pueyo*, approve of ex parte applications becoming a default or "routine practice." 55 F.4th at 474-75.

And, so, the Court is unpersuaded by applicants' pointing to other district court decisions that have afforded ex parte treatment to Section 1782 applications but that do not address those baseline rules in this circuit or provide specific explanations for granting ex parte treatment in a particular case. And relying on an applicant's confidence in its Section 1782 application's merits offers no reliable basis to distinguish one application from another and, so, risks turning ex parte treatment into an almost universal default or allowing the would-be – or, rather, should-be – exception to swallow the rule.

At the same time, ex parte treatment has little to recommend it as a default approach in these matters when it will always entail a subpoena respondent's possibly filing a motion to reconsider any ex parte order granting a Section 1782 application – either as part of or along with a possible motion to quash the subpoena that the Court has already authorized.

On the flip side, routinely requiring service on a respondent and then

adversarial briefing on a Section 1782 application at the outset should, in almost every case, put the Court "in a better position to assess both the statutory prerequisites to the district court's authority under § 1782 and the discretionary factors bearing on whether, if those prerequisites are satisfied, the district court will order discovery to be provided." *Certain Funds*, 798 F.3d at 125. And the Court finds that those considerations further support denying ex parte treatment here where ASC is not a third party but rather the party that initiated the action pending in the UPC Local Division in Munich, Germany.

### The Court's Order

For all of these reasons, the Court denies Xiaomi's request for ex parte consideration of its Section 1782 Application. But the Court is not otherwise ruling on any other portion of the Application at this time.

Xiaomi is directed to serve its Section 1782 Application [Dkt. No. 1] and the exhibits attached to it and this Memorandum Opinion and Order on Advanced Standard Communication LLC by no later than November 28, 2025.

ASC must file a response, if any, to the Application [Dkt. No. 1] by no later than 21 days after being served with the Application, Exhibits, and this Memorandum Opinion and Order, and Xiaomi must file a reply to ASC's response, if any, by no later than 14 days after ASC files its response.

And the Clerk of the Court is directed to unseal this matter and all of the docketed filings to date in this matter.

SO ORDERED.

DATED: September 26, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE